IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RONALD GUIDEN,**
                **Plaintiff,**

      **v.**                         CASE NO. 11-3031-SAC

**ROGER WERHOLTZ,**
**SECRETARY OF CORRECTIONS,**
**et al.,**

                **Defendants.**

**O R D E R**

Upon screening this pro se civil rights complaint containing multiple claims, the court found that it was subject to being dismissed for failure to state a claim. Plaintiff was given time to pay an assessed initial partial filing fee, to cure deficiencies in his complaint, and to show cause why this action should not be dismissed for the reasons set forth in the screening order of May 11, 2011. Mr. Guiden was advised that if he failed to comply within the time allotted, this action could be dismissed without further notice.

The time in which plaintiff was required to comply with the court's screening order has expired, and nothing further has been submitted by plaintiff in this case. This action is hereby dismissed because plaintiff has failed to submit any response to the court's screening order. He thus has failed to comply with that court order, failed to prosecute this action, and failed to show cause why this action should not be dismissed based upon the findings in the court's screening order that his claims are

frivolous and fail to state a claim.

The court finds that the dismissal of this action should count as a strike against Mr. Guiden. In its Memorandum and Order dated May 11, 2011 (Doc. 8), the court found that all Mr. Guiden's claims in his complaint failed to state a claim, some as time-barred, some barred by Heck, and some for failure to state sufficient facts to support a federal constitutional claim. See Smith v. Veterans Admin., 636 F.3d 1306, 1314 n. 5 (10th Cir. 2011)(It is possible to conclude that the dismissal of an action for failure to comply with the court's order to pay the filing fee and, simultaneously, to show cause why the judgment should not be summarily affirmed, counts as a strike.)(citing cf. Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1179 (10th Cir. 2011)(holding that a circuit court's dismissal of a prisoner's appeal for failure to prosecute was a strike where the circuit court's prior denial of IFP on the basis of frivolousness was "the 'but for' cause of that court's subsequent dismissal")). Mr. Guiden was notified that "unless he show(ed) cause why his complaint should not be dismissed for the reasons set forth (in the screening order), this action shall be treated as his third strike."

The fact that the this action is dismissed without prejudice does not preclude it's being counted as a strike. In this Circuit, it is "settled that 'a dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim'." Smith v. Veterans Admin, 636 F.3d 1306, 1313 (10th Cir. 2011)(citing Day v. Maynard, 200 F.3d 665, 667 (10th Cir.1999)(per curiam)).

This dismissal will not effectively count as a strike until after Mr. Guiden either has exhausted or waived his opportunity to appeal. <u>Jennings v. Natrona County Detention Center</u>, 175 F.3d 775, 779 (10th Cir. 1999).

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed, without prejudice, for failure to state a claim and all relief is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) is granted for the sole purpose of dismissing this action.

**IT IS SO ORDERED**.

Dated this 23rd day of June, 2011, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge